**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4892**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JAMILE T. BYRD,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:14-cr-00042-HMH-1)

Submitted: May 28, 2015             Decided: June 8, 2015

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamile T. Byrd appeals his conviction and sentence for sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a) (2012). Byrd pled guilty and was sentenced to 360 months' imprisonment and a life term of supervised release. On appeal, counsel for Byrd filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but seeking review of the procedural reasonableness of Byrd's sentence. Byrd filed a supplemental pro se brief. The Government elected not to file a brief.

In accordance with Anders, we have reviewed the record in this case, as well as Byrd's pro se supplemental brief, and have found no meritorious issues. Byrd's guilty plea forecloses his claim regarding discovery materials. The district court made no procedural error at sentencing, see Gall v. United States, 552 U.S. 38, 51 (2007), and Byrd does not rebut our appellate presumption that his within-Guidelines sentence is substantively reasonable. See United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

Finally, Byrd's pro se brief alleges claims of ineffective assistance of counsel. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct

2

appeal.  United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008).  Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record.  United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).  Because the record does not conclusively establish ineffective assistance of counsel, we conclude that these claims should be raised, if at all, in a § 2255 motion.

Accordingly, we affirm the district court's judgment.  This court requires that counsel inform Byrd, in writing, of the right to petition the Supreme Court of the United States for further review.  If Byrd requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Byrd.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED